## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT HAWKINSVILLE,

### JUNE TERM, 1850.

No. 70.—William O'Neal and another, claimants, plaintiffs in error, *vs.* Cullen O'Neal, administrator, &c. defendant.

[1.] The Clerk of the Superior Court, instead of retaining the original bill of exceptions, and sending up a copy, as required by law, sent up·with the record the original bill itself: *Held,* that the matter could not be relieved by suggesting a diminution of the record. Motion for *certiorari* refused, and writ of error dismissed. *Query,* as to the constitutionality of the rule which authorizes the postponement of a cause for one term, upon a suggestion of a diminution of the record.

In error, from Laurens Superior Court. Tried before Judge Hansell, March Term, 1850.

Suggestion of a diminution of the record. Motion to dismiss writ of error.

Counsel for plaintiff in error, in this case, suggested a diminution of the record, inasmuch as the Clerk of the Superior Court of Laurens County sent up to this Court the original bill of exceptions, instead of a copy of the same, and prayed that the original bill of exceptions might be withdrawn, and remanded with instructions to the Clerk of the Court below, to send up to the next term of this Court a copy thereof.

The defendant in error joined issue with a protestation, and

moved to dismiss the case, because the Clerk of the Superior Court of Laurens County has not certified and sent up to this Court a copy of the original bill of exceptions filed in his office, but has sent up in lieu thereof, to this Court, the original bill of exceptions.

The facts were as stated in the motion to dismiss the writ of error.

MORGAN (represented by SCARBOROUGH) and HARRIS, for the motion.

PLATT and SPICER, contra.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] In this case the Clerk of the Superior Court, instead of retaining the original bill of exceptions, and sending up a copy with the record, as required by the Acts of the last Legislature, sent up the original bill, in accordance with the law of force prior to the passage of those Acts; and now, at this term, being the return term of the writ of error, the plaintiffs in error suggest a diminution of the record, and pray that the original bill of exceptions may be withdrawn, and remanded with instructions to the Clerk of the Superior Court, to send up to the next term of this Court a copy thereof, as required by law. The amended Constitution of the State, under which this Court is organized, requires all cases brought here, to be tried at the term to which the writ of error is returnable, unless continued for Providential cause. Our rule authorizing a suggestion of a diminution of the record, and a consequent delay of the case for one term, goes upon the idea that there is no case before this Court until there is a complete record before us, and, therefore, the term after the record is completed is to be held in all cases where there has been a diminution the first term of such cases. It is in this view of it, that the rule can be, if it can be at all, reconciled with the Constitution. Whilst the necessity of such a rule is incontrovertible, we entertain very serious doubts of its constitutionality So strong are our doubts, that we shall be constrained, if it cannot be modified so as to conform to the Constitution, to repeal the rule altogether, and leave the relief where it belongs, to the Con-

O'Neal and another *vs.* O'Neal.

stitution-amending power of the State.   The plaintiff in error is not favored, under the laws, by virtue of which we administer Justice.   It was the intention of the Legislature to prevent, at all hazards, save Providen tial interference, delay of justice— that delay of justice, amounting to a denial in many cases, which is a just reproach to the corrective tribunals of England and of our sister States.   Consequently, the greatest vigilance is impos- ed upon him.   He is brought within very stringent conditions, with which he must comply at his peril.   It is useless to argue before this Court, that these conditions are onerous and work injustice.   Such appeals are appropriately made to the Legisla- ture.   I make these remarks to justify the farther remark, that we will allow a *certiorari* under our rule, only in cases clearly within it ; for it is our purpose to carry out the policy of the Le- gislature, according to the Constitution and laws in which that policy is declared.   Under what provisions of law are we called upon to grant the prayer of this plaintiff?   On the 23d of Febru- ary, 1850, the Legislature passed a law, in the third section of which it is enacted, " That where exceptions are filed in any case in the Superior Court, the Clerk of the Superior Court shall make out a copy of the bill of exceptions, and send it up to the Supreme Court, on or before the first day of the Court to which the writ of error is returnable, with the transcript of the record, and file the original bill of exceptions in his office, for the inspec- tion of all parties interested."   On the same day the Legislature passed another law on the same subject, determined, it would seem, to make assurance doubly sure, by a declaration of its will a second time, at the same session, and on the same day.   This latter law enacts, " That the Clerk of the *Supreme* Court (the Legislature intended to say *Superior* Court) shall, in all cases, re- tain the bill of exceptions in his office, and send up a copy there- of to the Supreme Court, as a part of the transcript of the re- cord, and no costs shall be charged in the Supreme Court for a copy of the bill of exceptions."   *Pamphlet Laws of* 1849–50, *pp.* 68, 141.

These two Acts, so far as they apply to the motion now before me, do not vary in substance.   In the former, the Clerk is re- quired to *file* the original bill in his office for the inspection of all parties in interest, and send up a copy ; in the latter, he is requir- ed to *retain* it and send up a copy.   The *filing* and the *retaining*

VOL. VIII.   56

mean one and the same thing, and are to subserve one and the same object. The Legislature meant, in both Acts, that the Clerk should *file and keep* the bill in his office, and the object of this filing and keeping, is to afford to the defendant in error, the means and opportunity of inspecting the bill, that he might thereby know and prepare for the grounds of error taken by the plaintiff.

Now, two things are, in the plainest possible way, required to be done by the Clerk. *First,* he is required to *file and keep,* (or retain,) in his office, the *original bill;* and, *second,* he is required to send up with the transcript of the record, a *copy* of that original bill. Such are the requirements of these two Statutes. They were passed through all the forms of legislation, on *the* 23*d day of February,* 1850, and on that day they became the laws of the land, and obligatory upon the Courts of justice. _They took effect from their date. Such is the judgment of this Court. (See case on this subject determined at Milledgeville in May last, *ante p.* 380.) They repealed the former law, which authorized the *original* bill to be sent up. The bill of exceptions in this case was certified on the 27*th March,* 1850—one month and four days after the passage of the new laws. This case, therefore, comes under the new laws, and is to be determined by their provisions. The Clerk has not sent up this case according to those provisions. *He has not retained in his office the original bill, nor has he sent up a copy of that bill.* The case is not, therefore, before us according to law. It is before us according to a law which is now a dead letter on the Statute book, because repealed. For relief against the consequences of a failure to comply with plain provisions of law, upon a suggestion that the Clerk has diminished the record, we are asked to permit the original bill to be withdrawn, to remand it back to the Clerk, and to instruct him to send up a copy of that bill. For several reasons these things cannot be done. Here are two laws which make it the duty of the Clerk of the Superior Court to retain the original bill, to enable the defendant to inspect it. *That* he has not done, and the defendant has not, in consequence, enjoyed the privilege which the laws give him of inspection. We are asked to allow to be done *now,* what the law requires to be done when the bill is certified—to allow the Clerk to *retain* the bill, *nunc pro tunc,* and this at the expense of a delay of one term. The reply is, that the laws of the State are binding upon this Court, if they are constitutional.

O'Neal and another *vs.* O'Neal.

To grant the motion would be to annul the law—to grant the term to the plaintiff would be to annul the Constitution. We have no dispensing power. What the law makes the duty of the Clerk, it is the duty of this Court to require to be done, and to require it to be done at the time, and in the manner pointed out by the law.

If the original bill had been retained, and no copy sent up, it is possible that the case would then be within the rule for suggesting a diminution. But the insuperable difficulty is, that the original bill has not been retained below. That it shall be *retained*, is an imperious requirement of the Statutes. This view would seem to me to be conclusive.

If the original bill cannot be remanded and placed in the hands of the Clerk, *de novo*, from whence will he derive a copy? What is there on his files, or belonging to the record in the case, to be copied? Nothing whatever. The plaintiff in error does not complain of any defect in the record, except that the copy of the bill has not been sent up—he suggests no diminution in any other particular. He in effect admits, that as to all other particulars, the record is perfect. The Clerk, then, has sent to this Court the whole record as it stands before him. Wherein, then, does the diminution consist? Denying that part of the plaintiff's motion which asks that the bill be remanded, suppose we should grant it so far as to require the Clerk to send up a copy? In that event, the Clerk would be required to furnish us with a copy of a paper which is neither on the files nor the records of his office. He would be required to do an official impossibility. *Under the rule, then*, there has been, from the concessions of the plaintiff himself, no diminution of any part of the record. All the record is here which could be brought here.

If we should grant this motion, we place it in the power of the plaintiff in error, by the co-operation of the Clerk, in any case, to prevent a hearing at the first term, and in every case to defeat the constitutional requirement, that cases be tried at the first term.

Motion denied, and the writ of error dismissed.